GARY R. BASHAM (SBN 130119)
NANCY L. McCOY (SBN 184983)
DEREK C. DECKER (SBN 232243)
BASHAM PARKER LLP
1850 Mt. Diablo Boulevard, Suite 530
Walnut Creek, CA 94596
Telephone: (925) 309-6110
Facsimile: (925) 977-9345

Attorneys for Defendants
Gregory Lykiardopolous and Triton
Distribution Systems, Inc.

RICHARD M. ROGERS (SBN 045843)
LAW OFFICE OF RICHARD M. ROGERS
100 Bush Street, #1980
San Francisco, CA 94104
Telephone: 415/981-9788
Facsimile: 415/981-9798
Email: RogersRMR@aol.com

Attorneys for Plaintiff
Mireille Leong

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIREILLE LEONG<br><br>Plaintiff,<br><br>v.<br><br>GREGORY LYKIARDOPOLOUS and TRITON DISTRIBUTION SYSTEMS, INC.<br><br>Defendants. | Case No. C08-05453 VRW<br><br>**[PROPOSED] AMENDED ORDER PURSUANT TO STIPULATION RE PROTECTIVE ORDER**<br><br>Complaint Filed:   12/04/08<br>Trial Date:            None set |

PURSUANT TO STIPULATION by and between counsel for Plaintiff Mirielle Leong ("Plaintiff") on the one hand, and counsel for Defendants Triton Distribution Systems, Inc. and Gregory Lykiardopoulos, on the other hand, that the parties believe that discovery in this action will involve production by the parties of documents, material, or testimony containing or concerning confidential or proprietary business or financial or trade-secret information, or other information which otherwise may be deemed confidential;

WHEREAS, in light of these confidentiality concerns, the parties mutually wish to establish procedures which will be fair to each of them.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between Plaintiff MIREILLE LEONG ("Plaintiff") and Defendants TRITON DISTRIBUTION

SYSTEMS, INC. and GREGORY LYKIARDOPOULOS ("Defendants"), collectively ("the parties"):

    1.    This Confidentiality Order ("Order") shall govern the designation and handling of documents, records, discovery responses, or testimony containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, whether produced by the parties or by third parties.

    2.    With respect to any confidential information or documents within the scope of paragraph 1 above, the person or entity producing the documents or information may designate, at or prior to the time of production of documents or disclosure of other discovery material, all or any portion of such material, documents or information as "confidential" by notice legend on the documents or materials, or by designating in writing to other parties, as provided in paragraph 10 below, the document numbers of such documents containing confidential information.

    3.    A party may designate any portion of deposition testimony or exhibits as "confidential" information under the terms of this Order on the record during the deposition or within ten days after receipt of the transcript, by notice legend on the transcript.

    4.    A party may designate any material produced as "confidential" pursuant to this Order. A party may designate as "confidential" any information that the party in good faith believes constitutes confidential information within the scope of paragraph 1 above. The parties may designate as "confidential" any confidential personal information or information subject to a legally protected right of privacy.

    5.    The term "Confidential" information as used herein shall mean all information derived from any document, material or testimony which has been designated by any party or third party as confidential pursuant to the terms of this Order.

    6.    Unless otherwise ordered by the Court in this action, all confidential information will be held by the receiving party solely for the use in connection with this litigation and will be maintained and disclosed only in accordance with this Order. Experts referred to in paragraph 7(d) who have complied with the requirements of paragraph 7 hereof may review and

1  retain certain documents and other Confidential information for purposes of study, analysis, and
2  preparation in connection with the case.

3       7. Except with prior written consent of the party designating the information
4  as Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties,
5  Confidential information shall not be disclosed by any party to any person other than:

6      a) counsel for the respective parties to this litigation, including in
7           house counsel for purposes related to this litigation;

8      b) employees or independent contractors of each such law firm;

9      c) any named party;

10      d) experts, consultants, or advisors employed or utilized by counsel to
11           assist in this litigation, or to testify at trial or any other proceeding
12           in this action;

13      e) the Court and court personnel, including stenographic reporters as
14           necessary incident to the preparation for trial or any other
15           proceeding in this action;

16      f) noticed or subpoenaed deponents and their counsel; and

17      g) any person identified as having authored or previously reviewed or
18           received the Confidential material at issue.

19  Confidential documents may be shown to any person listed in sub paragraph d) and f) of this
20  paragraph only after such person has been shown a copy of this Order and advised of its terms,
21  and only after such person executes a copy of the form of certification attached to this Order as
22  Exhibit "A" (the "Certification").  A party that has produced particular Confidential documents
23  (as opposed to a party that has received the Confidential documents) may, however, disclose such
24  Confidential documents to any person or entity, with or without any conditions to such disclosure,
25  as the party deems appropriate.  Counsel for each party will make a good faith effort to persuade
26  non-party deponents who are not current employees, officers, directors, or shareholders of any
27  party to sign Exhibit "A".
28  ///

[Proposed] Amended Order Pursuant To Stipulation
Re Protective Order           3           Case No. C08-05453 VRW

8. Counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 7. These Certifications need not be disclosed to the opposing parties absent further order by the Court.

9. Any person receiving Confidential information shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

10. When any discovery material produced or disclosed, or any deposition testimony given, is claimed to contain Confidential information, it shall be stamped or marked "CONFIDENTIAL" or with similar legend. In the event, however, that a party produces original documents for inspection or copying, the party may designate Confidential information by document number, and the appropriate legend shall be placed on the documents by the producing party during the copy process. If the claim is made at deposition that subject mater or material is Confidential or contains or concerns Confidential information, the court reporter shall stamp or mark the appropriate legend on the cover page and relevant pages of the transcript. If the claim is made within ten days after receipt of the deposition transcript, the party designating the material Confidential shall inform counsel for all parties, in writing, of the specific pages of the transcript to be treated as Confidential. Upon receipt of such notice, any person or party in possession of copies of such designated transcript shall affix a suitable legend thereto.

11. In the event that counsel for any party determines to file with or submit to the Court any papers containing any Confidential material (or information derived there from), counsel shall comply with the proper procedure for filing papers under seal, or an alternate procedure for filing of papers containing Confidential materials without placing them under seal. In either case, papers containing Confidential material (or information derived there from) shall be lodged with the court.

12. The parties shall not be obligated to challenge the propriety of a confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects at any stage of these proceedings to the propriety of a designation by a party of any information as confidential, the parties shall

[Proposed] Amended Order Pursuant To Stipulation
Re Protective Order   4   Case No. C08-05453 VRW

1  attempt first to dispose of the dispute in good faith on an informal basis.  If the disputed cannot be
2  resolved, any party may seek appropriate relief from the Court, and the party challenging the
3  Confidentiality designation shall have the burden of proving that the information designated as
4  Confidential is not subject to the restrictions of this Order.  The party challenging the
5  Confidentiality designation may not make any unauthorized disclosure of any information
6  designated as Confidential unless and until the Court has ruled that the challenge information is
7  not subject to the restrictions of this Order.

8       13.  All provisions of this Order restricting the communication or use of
9  Confidential information shall continue to be binding after the concluding of this action unless
10  subsequently modified by the agreement between the parties or under the Court.

11       14.  Within ninety (90) days after the final termination of this action, including
12  all appeals, any and all Confidential information and all copies made thereof shall, at thee option
13  of the parties holding such information, either (a) be returned promptly to the party that produced
14  the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that
15  produced the material.  However, any work product (as defined under applicable law), pleadings,
16  deposition transcripts or trial exhibits in this action may be retained by counsel subject to the
17  terms of this Order.

18       15.  Entry of this Order shall be without prejudice to any application for relief
19  from any restriction contained herein or for any order compelling or further restricting the
20  production, exchange or use of any document, testimony, interrogatory, response or other
21  information produced, given or exchanged in the course of pretrial discovery in this action.

22       16.  This Order does not operate as an agreement by any party to produce any
23  or all documents and/or information demanded or requested by another party.  Nothing herein
24  shall be deemed to waive any applicable privilege or to be construed as an acknowledgement of
25  the applicability of any privilege.

26       17.  All persons bound by this Order are hereby notified that if this Order is in
27  any manner violated, the person or entity who commits such violation shall be subject to such
28  sanctions as the Court, on motion and after hearing, deem just.

18. The inadvertent failure of any party to designate as confidential any document produced in the course of regular discovery in this action shall not constitute a waiver of that party's right to assert later that such document is confidential.

19. The court retains jurisdiction to make such amendments, modifications an additions to this order as it may deem appropriate.

**IT IS SO ORDERED:**  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

Dated: May 5, 2009

**CHIEF JUDGE VAUGHN R. WALKER**